UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BERTHA HUTCHINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 4:12-cv-117- SEB-WGH |
| vs. ) | |
| ) | |
| SPARK WIGGINGTON and ) | |
| NEW ALBANY-FLOYD COUNTY ) | |
| CONSOLIDATED SCHOOL ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
(Docket No. 23)

This personal injury case is in federal court on the basis of diversity jurisdiction. It is now before us on Defendants' Motion for Summary Judgment.

## **FACTS**

On November 4, 2010, Plaintiff, a pedestrian, was struck by a school bus driven by Spark Wiggington in the course and scope of his employment with the New Albany-Floyd Consolidated School Corporation (the "School Corporation"). The very next day, the School Corporation's liability insurer, Indiana Insurance, opened a file and promptly began investigating the incident. Just six days after the occurrence, on November 10, 2010, Indiana Insurance interviewed its insured driver, Wiggington, by telephone about what had happened.

On November 15, 2010, two Kentucky lawyers wrote a letter to Indiana Insurance advising that they were representing Plaintiff in connection with the accident. That letter, in its entirety, read:

> Please be advised that our office represents Bertha Hutchinson for serious injuries she sustained when struck by Mr. Wigginton's

> vehicle.
>
> Please advise if there are med-pay benefits available.
>
> Also, please send us copies of any photographs, property damage or otherwise, statements, or other documentation you may have regarding this claim.
>
> Please acknowledge receipt of this correspondence in writing. Thank you.

[Letter at Dkt No. 25-2.]

Nine months later, on August 19, 2011, Indiana Insurance received a "demand package" from Plaintiff's Kentucky lawyers outlining the amount of Plaintiff's medical bills and lost wages. Five days thereafter, on August 24, 2011, Indiana Insurance advised Plaintiff's Kentucky lawyers that the School Corporation was denying liability for the accident.

On October 3, 2012, Plaintiff, by and through an Indiana lawyer licensed to practice in this Court, filed her Complaint in this action. When Defendants filed their Answer, they asserted as an affirmative defense that Plaintiff's claims were barred because Plaintiff had failed to provide them with the written tort claim notice required by Ind. Code § 34-13-3-8. Defendants have now moved for summary judgment on that basis.

## **STANDARD OF REVIEW**

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If the moving party supports its motion for summary judgment with affidavits or other materials, the burden shifts to the non-moving party to show that an issue of material fact exists. Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund, 791 F.2d 548, 588 (7th Cir. 1986).

**DISCUSSION**

The Indiana Tort Claims Act provides that a tort claim against a government entity, including a government employee acting in the course and scope of his or her employment, is barred unless the claimant provides the entity with notice of the claim within 180 days of the loss.[1] Ind. Code § 34-13-3-8. The notice must describe in a short and plain statement the facts on which the claim is based, including the circumstances which brought about the loss, the extent of the loss, the time and place that the loss occurred, the names of the persons involved, if known, the amount of damages sought, and the residence of the person making the claim both at the time of the loss and at the time the notice is filed. Ind. Code § 34-13-3-10. The purpose of the notice is to provide the government entity the opportunity to investigate the facts surrounding the incident so that it may determine its liability and prepare a defense. Hasty v. Floyd Memorial Hospital, 612 N.E.2d 119, 123 (Ind. Ct. App. 1993).

Plaintiff concedes that she did not provide a tort claim notice in accordance with Ind. Code § 34-13-3-8 to either Wiggington or the School Corporation. Nevertheless, she insists that her claims in this action are not barred. Citing Galbreath v. City of Indianapolis, 255 N.E.2d 225, 229 (Ind. 1970), Plaintiff notes that the Indiana Tort Claims Act is not meant to be a "trap for the unwary" and she correctly observes that a party's imperfect, but "substantial compliance" may satisfy the statutory notice requirement when the purposes of the statute are satisfied. She, thus, asserts a sort of "no harm, no foul" argument – that because Indiana Insurance had actual knowledge

---

[1] Indiana Code § 34-13-3-5(b) provides that, "A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Plaintiff concedes that Wigginton was operating the school bus involved in the accident within the scope and course of his employment with the School Corporation and has not sued Wigginton in his personal capacity. [Plaintiff's Complaint, ¶ 9 at Dkt. No. 1 and Plaintiff's Memorandum of Law, p. 1 at Dkt. No. 28.]

of the accident and promptly investigated it, interviewing its insured driver within six days of the occurrence, Defendants were not prejudiced in their ability to determine liability or prepare a defense and, because they were not so prejudiced, the purpose of the Indiana Tort Claims Act was satisfied such that there has been substantial compliance with that statute. In support of her argument, Plaintiff cites <u>City of Tipton v. Baxter</u>, 593 N.E.2d 1280 (Ind. Ct. App. 1992). In that case, which involved a collision between two motor vehicles, the Indiana Court of Appeals found that there had been substantial compliance with the Indiana Tort Claims Act – notwithstanding the claimant's complete failure to provide a written tort claim notice – because the government entity's liability insurer had actual knowledge of and promptly investigated the accident.

The problem with Plaintiff's argument is that <u>City of Tipton v. Baxter</u> was overruled by the Indiana Supreme Court in <u>Schoettmer v. Wright</u>, 992 N.E.2d 702 (Ind. 2013). Indeed, in <u>Schoettmer</u>, Indiana's highest court held that under Indiana law, a claimant's communications with a government entity's insurer, absent anything more, even where the insurer investigates the accident or occurrence, does <u>not</u> create substantial compliance with the notice requirement of the Indiana Tort Claims Act. <u>Id.</u> at 708. Here, Plaintiff communicated only with Indiana Insurance and not with the defendants themselves and, thus, she did not substantially comply with the Indiana Tort Claims Act.

## **CONCLUSION**

Plaintiff's reliance of <u>City of Tipton v. Baxter</u> is misplaced because that case is no longer good law. Given the ruling in <u>Schoettmer</u>, Indiana Insurance's knowledge and investigation of the accident involving Plaintiff and Wiggington does <u>not</u> create substantial compliance with the Indiana Tort Claim Act. Accordingly, Defendants' Motion for Summary Judgment is GRANTED. A

separate judgment shall issue.

   IT IS SO ORDERED.

Date: 02/12/2014

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

William F. English
KIGHTLINGER & GRAY, LLP-New Albany
wenglish@k-glaw.com

Richard T. Mullineaux
KIGHTLINGER & GRAY, LLP-New Albany
rmullineaux@k-glaw.com

Matthew J. Schad
SCHAD & SCHAD
mschad@schadlaw.com